**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CRISTHIAN JOSSUE LARIOS LOPEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-134-G** |
| | ) | |
| **CHRIS GANTT, Warden, Cimarron Correctional Facility, et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

# ORDER

On January 27, 2026, Petitioner Cristhian Jossue Larios Lopez filed a Petition for Writ of Habeas Corpus ("Petition," Doc. No. 1), challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") pursuant to 28 U.S.C. § 2241. Certain Respondents filed an Answer (Doc. No. 10).[2] Petitioner has filed a Reply (Doc. No. 13).

## *I. Background*

The factual background is set forth in the Petition and not contested by Respondents. As relevant here, Petitioner is a "native and citizen of Honduras"; he entered the United States in December 2023. Pet. ¶ 5. Petitioner sought asylum and was then "processed, released, and complied with all reporting requirements." *Id.* ¶ 6.

---

[1] Chris Gantt, Warden, Cimarron Correctional Facility, Markwayne Mullin, the current Secretary of the U.S. Department of Homeland Security, and Todd Blanche, Attorney General of the United States, are hereby substituted as respondents for Scarlet Grant, Kristi Noem, and Pamela Bondi, respectively, pursuant to Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

[2] The appearing respondents are: Robert Cerna, Acting Field Office Director of Dallas Field Office, ICE; Secretary Mullin; and Attorney General Blanche.

In December 2025, Petitioner was detained in Tulsa, Oklahoma, when "voluntarily presenting himself to [ICE] for a check in." *Id.* ¶¶ 6, 34. "ICE did not set bond because [Petitioner] was deemed an 'applicant for admission'" and "subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)." *Id.* ¶¶ 34, 46. Petitioner is now housed at Cimarron Correctional Facility in Cushing, Oklahoma. *Id.* ¶¶ 11, 14.

*II. Discussion*

*A. Petitioner's Claims*

Petitioner argues that he is entitled to relief pursuant to *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *appeal docketed sub nom. Bautista v. U.S. Dep't of Homeland Sec.*, No. 25-7958 (9th Cir. Dec. 19, 2025). *See* Pet. ¶¶ 42-46.[3] Petitioner also argues that his continued detention without a custody determination violates the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq., and the due process rights afforded him by the Fifth Amendment. *See* Pet. ¶¶ 46, 48-55.

Respondents argue that Petitioner relies exclusively on *Bautista* and that Petitioner has not adequately raised the issue of whether 8 U.S.C. § 1225(b)(2)(A) is a lawful basis for his detention. *See* Answer at 1-2. Petitioner replies that he has asserted, independently

[3] According to Petitioner, the *Bautista* court "entered final judgment," which "certif[ied] a nationwide Bond Eligible Class" whose members, based on that court's issuance of declaratory relief, "are detained under § 1226(a), not § 1225(b)(2), and therefore, may not be denied consideration for release on bond." Pet. ¶¶ 23-24. On March 31, 2026, the Ninth Circuit ordered a stay of the district court order on which Petitioner relies to the extent the order "extend[s] beyond the Central District of California." *Bautista v. Exec. Off. for Immigr. Rev.*, No. 25-7958 (9th Cir. Mar. 31, 2026) (order).

of any reliance on *Bautista*, that his detention is in violation of the INA. *See* Pet'r's Reply at 2-5.

In his second claim, Petitioner seeks relief for violation of the INA, asserting that § 1226(a), not § 1225(b)(2), controls his detention due to his residence in the interior of the United States for multiple years. *See* Pet. ¶¶ 48-55. Elsewhere in the Petition, he states:

> By denying Petitioner a bond hearing under § 1226(a) and asserting that he is subject to mandatory detention under § 1225(b)(2), Respondents violate Petitioner's statutory rights under the INA and the Court's judgment in *Maldonado Bautista v. Santacruz*, as Petitioner is not an arriving alien.

*Id.* ¶ 46.

Based on these allegations, Petitioner sufficiently alleged an INA claim. *See Puentes-Puentes v. Grant*, No. CIV-26-192-J, 2026 WL 657199, at *1-2 (W.D. Okla. Mar. 9, 2026) ("Petitioner discussed the framework under § 1226(a) and addressed why he was eligible for a bond hearing. As such, the allegations in the Petition are sufficient to raise the § 1225 and § 1226 issue, and thus sufficient for the Court to determine Petitioner's case on the merits." (omission and internal quotation marks omitted)); *see also Akhalaia v. Figueroa*, No. CIV-26-133-R, 2026 WL 637620, at *2 (W.D. Okla. Mar. 6, 2026); *Emigdio v. Grant*, No. CIV-26-135-SLP, 2026 WL 735462, at *2 (W.D. Okla. Mar. 16, 2026).

*B. Petitioner's Claim for Violation of the INA*

Petitioner argues that 8 U.S.C. § 1225(b)(2) does not apply to his detention because "he has resided in the interior of the country since December 17, 2023" and is not an "an arriving alien." Pet. ¶¶ 48-50. He argues that his detention should instead be governed by

§ 1226(a), which permits release of a detained noncitizen on bond after an individualized custody determination. *See id.*; 8 U.S.C. § 1226(a)(2).

Petitioner's INA claim is controlled by the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, in which that court held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239-40 (10th Cir. 2026). The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to § 1226(a) (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. *See* Pet. ¶¶ 5-6, 34; *Santillan Quiroz*, 180 F.4th at 1233-34. And as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1233-34; Pet. ¶¶ 34, 46. Accordingly, § 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*, 180 F.4th at 1246-51.[4] Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13.

[4] Based on this determination, the Court need not and does not reach Petitioner's remaining claims for relief.

*C. Petitioner's Request for Fees and Costs*

Petitioner also requests attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). *See* Pet. at 11.

The EAJA "unambiguously authorize[s] fees in habeas actions challenging immigration detention." *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025), *petition for cert. filed*, No. 26-146 (U.S. July 30, 2026). Such attorney's fees must be sought pursuant to the EAJA and by separate motion, however. *See id.*; Fed. R. Civ. P. 54(d)(2), 81(a)(4); LCvR 54.2. Any recovery of costs is governed by 28 U.S.C. §§ 1920 and 2412(a), Federal Rule of Civil Procedure 54(d)(1), and Local Civil Rule 54.1.

CONCLUSION

In accordance with the above, the Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's claim for relief based upon a violation of the INA.

IT IS THEREFORE ORDERED:

1. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

2. Petitioner's remaining claims for relief are DISMISSED without prejudice; and

3. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

4. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 21st day of August, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge